IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SPRING MOUNTAIN TREATMENT CENTER,<br><br>　　　　Defendant. | Case No. 18-cv-00437-DKW-KSC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On November 9, 2018, Plaintiff Ronald Satish Emrit, proceeding pro se, filed a Complaint against Spring Mountain Treatment Center (SMTC). Dkt. No. 1. Emrit also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3. In a November 20, 2018 Order, the Court granted the IFP Application, but ordered Emrit to show cause why this case should not be dismissed in light of evident venue issues with the allegations in the Complaint. Emrit was permitted until December 7, 2018 to respond to the Order to Show Cause. Over a month after that deadline, no response has been received. As a result, because the allegations of the Complaint clearly reflect that venue is improper in Hawaii, and because Emrit's claims of negligence are frivolous, this action is dismissed without prejudice.

As discussed in the November 20, 2018 Order, in his Complaint, Emrit asserted that he is a resident of Nevada, with a mailing address in Maryland. Compl. ¶ 4, Dkt. No. 1. Emrit further asserted that SMTC has various hospital locations throughout the country, with a principal place of business in Nevada. *Id*. ¶ 5. Emrit made no allegation, though, that SMTC operates in Hawaii, and, even a liberal construction of the Complaint did not reflect that any of the underlying events took place in Hawaii.[1]

In this light, the factual allegations of the Complaint reflect that venue is improper in Hawaii. *See* 28 U.S.C. § 1391(b).[2] Emrit's failure to respond to the Order to Show Cause provides no reason to think otherwise.[3] The only remaining

---

[1] As the Court further noted, it was perhaps not surprising that Emrit did not appear to have intended to file this case in this District. Notably, in the Complaint, Emrit asserted that he "is filing this cause of action in the U.S. District Court for the Southern District of Iowa" because he anticipates moving to Iowa. Compl. ¶ 4. Additionally, later in the Complaint, Emrit argued that the U.S. District Court for the Central District of California had jurisdiction over this case on the ground of diversity. *Id*. ¶ 8.

[2] Section 1391(b) provides that venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to a court's personal jurisdiction.

[3] The Court notes that at least three addresses can be gleaned from the record as possible mailing addresses for Emrit. At different times, the Court has used all three addresses to mail documents, including the Order to Show Cause, to Emrit, only to have them returned as undeliverable. *See* Dkt. Nos. 8, 9, 11. In addition, on January 8, 2019, Emrit left a voice message on the Chambers telephone line for the undersigned, stating that he understood the Court had received returned mail, this was because he is in the process of moving to Iowa, and he will have a new address within the next month. Emrit asks whether, once he has a new address, he should file a notice of change of address or phone the Clerk's Office to inform about his address change. Regardless, a party cannot place a case on hold while he attempts to move

2

issue, therefore, is whether this case should be transferred to a District in which it could have been brought. *See* 28 U.S.C. § 1406(a).[4] The Ninth Circuit Court of Appeals has explained that "transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith." *Amity Rubberized Pen Co. v. Market Quest Group Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (addressing Section 1631 of Title 28).

Here, Emrit alleges that SMTC was negligent in (1) switching him from a Dr. Ngo to a Dr. Nwokiki when, if he had remained a patient of Dr. Ngo, Dr. Ngo could have explained why SMTC was continuously billing him for "overnight stays" without notifying him that his "overnight stays" were running out; and (2) him meeting his future girlfriend, Shelly Renee Murray, at SMTC only for him to later suffer emotional distress due to Ms. Murray's parents being racist. Because these allegations not only do not make out a colorable claim of negligence against SMTC, but are patently frivolous, the Court finds that the interests of justice do not

---

and leave the Court guessing as to his whereabouts. It is not the Court's obligation to conduct nationwide research to locate an individual litigant. Instead, a pro se party is required to comply with all applicable rules, including providing notice of any change in address. Local Rules 83.13, 83.1(h). It is, thus, incumbent upon a party to provide the Court with an address to which mail from the Court can be delivered. Because the Court has attempted to mail the Order to Show Cause to three different known addresses, to the extent Emrit has not received a copy of the same, the fault lies with him, and there is no reason to delay moving forward with this Order.
[4]Section 1406(a) provides that a district court "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

warrant transferring this case. *See Amity*, 793 F.3d at 996 (explaining that assessing whether a case is frivolous involves a "very limited inquiry"). Instead, pursuant to Section 1406, this action is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close this case.

    IT IS SO ORDERED.

    Dated: January 15, 2019 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

Ronald Satish Emrit v. Spring Mountain Treatment Center; Civil No. 18-00437 DKW-KSC; **ORDER DISMISSING CASE WITHOUT PREJUDICE**